UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE STEVENSON,            )<br>                              )<br>    Plaintiff,                )<br>                              )    Civil Action No.<br>        v.                    )    15-13505-FDS<br>                              )<br>AMAZON.COM, INC., and SECURITY )<br>INDUSTRY SPECIALISTS, INC.,   )<br>                              )<br>    Defendants.               )<br>                              ) | |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

**I.    Introduction**

Plaintiff Janice Stevenson is a resident of Revere, Massachusetts, and a frequent filer in this Court.[1] On October 5, 2015, Stevenson filed a self-prepared complaint against her employer, Security Industry Specialists, Inc. ("SIS") and Amazon.com, Inc. It appears that Stevenson is employed by SIS as a security specialist working the night shift on Amazon property in Cambridge, Massachusetts. The complaint asserts causes of action for, among other things, retaliation under Title VII of the Civil Rights Act of 1964; violations of her Fourteenth Amendment Due Process and Equal Protection rights, violations of Mass. Gen. Laws ch. 260, §

---

[1] This is at least the ninth matter Stevenson has filed in this Court. *See Stevenson v. Neighborhood House Charter School*, 1:05-cv-11584-DPW; *Stevenson v. Michael Guryel, et al.*, 1:04-cv-10394-RCL; *Stevenson v. Massachusetts School, et al.*, 1:02-cv-12160-JLT; *Stevenson v. Bach, et al.*, 1:02-cv-12381-GAO; *Stevenson et al v. Bach et al.*, 1:03-cv-11420-GAO; *Stevenson v. Commissioner, Mass Dept of Transitional Assistance*, 1:08-cv-11728-RWZ; *Stevenson v. Carolyn Bankowski,* 1:07-cv-11124-RGS; *In Re: Stevenson et al.*, 1:11-cv-11597-JLT.

26; violations of the Massachusetts Constitution; violations of Mass. Gen. Laws ch. 149 §§ 148 and 150; and violations of the Eighth Amendment right against cruel and unusual punishment. Plaintiff alleges that this Court has diversity jurisdiction because the defendants are citizens of other states.

The dispute appears to arise from a written warning directed to Stevenson in an "Employee Counseling Form" ("ECF") prepared by SIS supervisors on September 30, 2015, and placed in her personnel file. Stevenson challenges the ECF on various grounds.

It appears that on September 27, 2015, Stevenson was asked by a supervisor to patrol the seventh floor of the Amazon property along with a co-worker, Nicole Washington. Stevenson had completed half of the patrol when she was told to finish patrol of the rest of the floor. She refused to do so on the ground that she had to go to the eleventh floor to guard an area, and she told her supervisor that Washington should patrol the seventh floor instead. As a result of that conversation, Stevenson was cited for insubordination and failure to perform work duties. She contested the citation, contending that she had dual responsibilities for patrolling both the seventh and eleventh floors and thus had received conflicting assignments. She further alleges that it was Washington who refused to patrol the seventh floor and that her supervisor showed favoritism toward Washington.

Stevenson also contends that the information in the ECF was false and that her request for access to her personnel records was denied. As a result, she could not present a proper defense against the charge. She further contends that surveillance video of the property, currently in the possession of Amazon, will disprove the assertions against her.

Stevenson alleges that her supervisors retaliated against her for filing a complaint against

co-workers, who she characterizes as white male security specialists. She alleges that the co-workers displayed a swastika and used racially motivated speech against her. She contends that this behavior was condoned by SIS because it failed to take action and thereby created a hostile workplace environment. She asserts a claim under Title VII for those actions and contends that SIS is liable under a *respondeat superior* theory of liability for the willful and malicious actions of its employees.

The complaint also makes various general complaints about the way SIS is operated. For example, Stevenson contends that SIS policy is to fire immediately any security specialist working the night shift who sleeps at his or her post. That policy, Stevenson alleges, does not apply to day shift or swing shift workers. In addition, she contends that SIS fails to take measures to ensure that security specialists remain alert. She further asserts that there is no appeal procedure for disciplinary action, no "predictable management," and no "right to know job expectations" and consequences. She also alleges that supervisors can make arbitrary decisions.

The complaint also asserts a whistleblower claim allegedly pursuant to Mass. Gen. Laws ch. 149, §§ 148 and 150 based on the untimely payment of wages, because SIS pays its employees only twice per month rather than biweekly.

As relief, Stevenson seeks copies of all policies and regulations of SIS; expungement of her records relating to the ECF; $75,000 in damages in connection with the whistleblower claim; relief from the allegedly cruel and unusual punishment of night-shift workers; timely payment of wages; equal protection from "Draconian labor practices"; and the right to present a defense pursuant to the Fifth Amendment Due Process Clause.

Attached to the complaint were a number of exhibits, including the Employee Counseling Form, three Daily Activity Reports, and various correspondence. Along with the complaint, Stevenson filed a motion for leave to proceed *in forma pauperis*; a motion for access to CM/ECF system; and a motion to appoint counsel.

This case initially was assigned to Judge Sorokin. On October 7, 2015, Judge Sorokin recused himself. The case then was reassigned to Judge Gorton. On October 22, 2015, Judge Gorton issued an Electronic Order of Recusal. The case then was reassigned to this Court.

On January 26, 2016, Stevenson filed a motion in limine seeking to exclude various personnel records; a motion for judicial notice seeking to have the Court take notice of various matters; a motion for an order for expungement as to her personnel file; and a motion to issue summons and a subpoena to Amazon and SIS.

On February 10, 2016, counsel entered an appearance for both defendants and filed corporate disclosure statements. Defense counsel also filed a motion for an extension of time to March 15, 2016 to respond to plaintiff's motions.

Stevenson then filed an objection to the corporate disclosure statement of Amazon and an objection to the defendants' motion to extend time. She also filed a motion to amend her motion to issue summons and a subpoena, requesting that the Court not issue a summons as to Amazon.com, Inc. and SIS because executed waiver of service forms have been obtained from the defendants, and requesting the issuance of a subpoena to Amazon.com, Inc. because it has control over the surveillance video and various other items.

**II.     Discussion**

      **A.     Motion for Leave to Proceed *In Forma Pauperis***

Upon review of Stevenson's financial disclosures, it appears that it would be a financial hardship for her to pay the filing and administrative fees of the Court.  Accordingly, her motion for leave to proceed *in forma pauperis* will be granted.

      **B.     Motion for Access to CM/ECF**

Stevenson's motion for access to the CM/ECF system will be granted, provided that she complies with the Court's requirements for training and for setting up a CM/ECF and PACER account.  To the extent that Stevenson seeks to have a free PACER account, the request will be granted for this case only and only during the pendency of the case in the District Court.  The clerk shall send plaintiff the District Court's "Information on Access to Electronic Filing by Pro Se Litigants" which explains the procedures required.  Questions concerning CM/ECF and PAVER access may be directed to Tracy McLaughlin, Bar Liaison, District Court Clerk's Office, at 617-748-9165.

      **C.     Screening of the Complaint Generally**

Because Stevenson is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  In conducting that screening, the court must liberally construe the complaint because plaintiff is proceeding *pro se*.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980);  *Haines v. Kerner*, 404 U.S. 519, 520 (1972);  *Instituto de*

*Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000).

### D. Claims Against Amazon

Even under a liberal construction, the claims against Amazon are subject to dismissal because the complaint fails to include any factual allegations against it that would state a plausible claim upon which relief can be granted. Presumably, Amazon is named only because the incident happened on its property and because it may possess one or more surveillance videos that plaintiff contends exonerates her from any wrongdoing while working for SIS on September 27, 2015. Although she apparently wants copies of the videos as evidence, that is not a sufficient basis to include Amazon as a party to this action.

Accordingly, all claims against Amazon will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### E. Claims Against SIS

As for the claims against SIS, several are obviously problematic. For example, the claimed constitutional violations based on cruel and unusual punishment obviously do not apply in this context. Moreover, there is no governmental action alleged that would trigger any due process or equal protection rights under the Constitution. Any claim purporting to arise under the United States Constitution will therefore be dismissed. Nevertheless, this Court will permit this action to proceed against SIS as to the remaining claims, at least until SIS has responded to the complaint.

### F. The Motion for Appointment of Counsel

Under 28 U.S.C. §1915, "a court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). The United States Court of Appeals for the First

Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under §1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." *Cookish v. Cunningham*, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*); *see also Bemis v. Kelley*, 857 F.2d 14, 16 (1st Cir. 1988).  Ultimately, to be eligible for this assistance under 28 U.S.C. §1915, the plaintiff "must demonstrate that she [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his [her] due process rights." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).  Factors constituting "exceptional circumstances" include "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the factual and legal issues involved; and the capability of the indigent litigant to present the case." *Cookish v. Cunningham*, 787 F.2d at 3 (citations omitted).  Further, in Title VII cases, "[a] district court considers three factors in determining whether to appoint counsel to a *pro se* plaintiff . . . :  (1) the merits of plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability." *Gadson v. Concord Hosp.*, 966 F.2d 32, 35 (1st Cir. 1992).  "Any one of the three factors may be determinative." *Id.* at 36 (citing *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497, 501 (7th Cir. 1986)).

In this case, appointment of counsel does not appear to be warranted.  Plaintiff appears to be proficient in the English language and appears to have some knowledge of the law, familiarity with court procedures and legal research abilities, albeit some of her legal assertions appear to be misplaced and her legal writing is somewhat difficult to understand.  Furthermore, the Court

considers the merits of many of her claims to be dubious, and many of her general allegations concerning SIS appear to be immaterial.  Moreover, it is unclear whether she has exhausted her administrative remedies with respect to her Title VII claims.  In any event, at this stage, this Court cannot adequately gauge the merits and appointment is premature; at this point, no exceptional circumstances justify the use of the Court's scarce *pro bono* resources.

Accordingly, plaintiff's motion to appoint counsel will be denied.

### G. Motion in Limine, Motion to Take Judicial Notice, and Motion for Order of Expungement

Plaintiff's motion in limine and motion to take judicial notice seek evidentiary rulings that are premature at best.  Those motions will therefore be denied without prejudice.  Plaintiff's motion for an order of expungement seeks what is in effect final relief, and will also be denied without prejudice as premature.

### H. Defendants' Motion to Extend Time to File Response to Motions

The Court will grant defendants' motion for an extension of time to March 15, 2016 to respond to plaintiff's remaining motions.

## III. Conclusion

For the foregoing reasons,

1. Plaintiff's motion for leave to proceed *in forma pauperis* is GRANTED.

2. Plaintiff's motion for access to CM/ECF is GRANTED provided that plaintiff complies with the Court's requirements for training and for setting up a CM/ECF and PACER account.

3. All claims against defendant Amazon.com, Inc. are hereby DISMISSED.

4. All claims against Security Industry Specialists, Inc., that purport to arise under

> the United States Constitution are hereby DISMISSED.

5. Plaintiff's motion to appoint counsel is DENIED.

6. Plaintiff's motion in limine is DENIED without prejudice.

7. Plaintiff's motion to take judicial notice is DENIED without prejudice.

8. Plaintiff's motion for an order of expungement is DENIED without prejudice.

9. Defendants' motion for an extension of time to March 15, 2016 to respond to plaintiff's remaining motions is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: February 22, 2016