**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| **JANICE STEVENSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil No.** |
| **v.** | ) | **15-13505-FDS** |
| | ) | |
| **AMAZON.COM, INC. and** | ) | |
| **SECURITY INDUSTRY SPECIALISTS, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**SAYLOR, J.**

This action arises out of an employment dispute between plaintiff and her former

employer, Security Industry Specialists, Inc.  Plaintiff's only remaining claim seeks the

expungement of allegedly false information from her personnel record pursuant to the

Massachusetts Personnel Records Law, Mass. Gen. Laws ch. 149, § 52C.  Defendant Security

Industry Specialists, Inc. has moved for summary judgment on the ground that it has already

expunged the information at issue from plaintiff's records, thereby granting plaintiff all of the

relief to which she is entitled under the statute.  Because it appears undisputed that defendant has

in fact expunged the information, defendant's motion for summary judgment will be granted.[1]

I.      **Background**

The following facts are either undisputed or stated in the light most favorable to the

_____

[1] Plaintiff failed to file an opposition to defendant's motion for summary judgment and failed to appear at
the hearing on the motion.

plaintiff as the non-moving party.

Plaintiff Janice Stevenson was employed by Security Industry Specialists, Inc. ("SIS") to provide security services to its client, Amazon.com, Inc.  (Venturini Aff. ¶ 2, 4 & Ex. A).  On September 30, 2015, her supervisor issued an Employee Counseling Form—essentially, a disciplinary report—to her.  (Def. Ex. A).  According to the form, the reasons stated for the counseling were "refusal to perform work duties" and "insubordination."  (*Id.*).

Stevenson took issue with the form, contending that it contained false information. (Venturini Aff. ¶ 5; Compl. ¶ 27).  On October 5, 2015, she filed this *pro se* action alleging, among other things, a violation of Massachusetts Personnel Records Law, Mass. Gen. Laws ch. 149, § 52C.  (Compl. ¶¶ 27-33).[2]  As relevant here, she sought relief in the form of the removal of the September 30, 2015 counseling form from her personnel record.  (*Id.* at ¶ R-2).  On March 17, 2016, the Director of Human Resources at SIS, Jeffrey Venturini, removed the form at issue from Stevenson's personnel record.  (Venturini Aff. ¶ 6).  Stevenson's personnel record no longer includes any reference to the September 30, 2015 counseling form.  (*Id.* at ¶ 7).

On January 20, 2017, defendant moved for summary judgment on the only remaining claim.  For the reasons stated below, that motion will be granted.

## II.    Legal Standard

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,* 950 F.2d 816,

---

[2] The complaint also asserted claims against both SIS and Amazon under Title VII of the Civil Rights Act of 1964; the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; the Equal Rights Amendment to the Massachusetts Declaration of Rights; the Massachusetts payment of wages statute, Mass. Gen. Laws ch. 149, §§ 148, 150; and the Massachusetts whistleblower statute, Mass. Gen. Laws ch. 149, § 185.  On January 22, 2016, this Court dismissed all claims against Amazon and all claims purported to arise under the United States Constitution pursuant to 28 U.S.C. § 1915(e)(2).  On March 2, 2016, defendant SIS moved to dismiss all remaining claims.  On May 13, 2016, that motion was granted as to all claims except the Massachusetts Personnel Records Law claim.

822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990)).

Summary judgment is appropriate when the moving party shows that "there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  A genuine issue is "one that must be decided at trial because the evidence,

viewed in the light most flattering to the nonmovant . . . would permit a rational fact finder to

resolve the issue in favor of either party."  *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896

F.2d 5, 8 (1st Cir. 1990) (citation omitted).  In evaluating a summary judgment motion, the court

indulges all reasonable inferences in favor of the nonmoving party.  *See O'Connor v. Steeves,*

994 F.2d 905, 907 (1st Cir. 1993).  When "a properly supported motion for summary judgment is

made, the adverse party must set forth specific facts showing that there is a genuine issue for

trial."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986) (quotations omitted).  The non-

moving party may not simply "rest upon mere allegation or denials of his pleading," but instead

must "present affirmative evidence."  *Id.* at 256-57.

## III.   Analysis

The Massachusetts Personnel Records Law provides employees with the right to review

their personnel record.  Mass. Gen. Laws ch. 149, § 52C.  It also provides that "[i]f an employer

places in a personnel record any information which such employer knew or should have known

to be false, then the employer shall have the remedy through the collective bargaining agreement,

other personnel procedures or judicial process to have such information expunged."  *Id.*  Having

the false information corrected or expunged is the only remedy available under the statute.  *See*

*Kessler v. Cambridge Health Alliance*, 62 Mass. App. Ct. 589, 597 (2004).

It appears undisputed that SIS removed the counseling form at issue on March 17, 2016.

(Venturini Aff. ¶ 6).  As a result, there is no genuine dispute as to a material fact, and defendant

is entitled to judgment as a matter of law.[3]

## IV.     Conclusion

For the reasons stated above, defendant's motion for summary judgment is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: February 27, 2017                    United States District Judge

---

[3] The Court notes that, while defendant framed its motion as a motion for summary judgment, it could also have been framed as a motion to dismiss for lack of jurisdiction.  As defendant contends, because plaintiff has already received all of the relief to which she is entitled under the law, her only remaining claim is now moot.  *See Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001) (holding case moot when plaintiff had already received complete relief).  As a result, it appears that the court no longer has jurisdiction over this matter.  *See id.* (stating that jurisdictional case and controversy requirement must be satisfied at every stage of litigation and that "[w]hen a case is moot . . . a case or controversy ceases to exist, and dismissal of the action is compulsory").